Robert J. Scott, C.P.A. State Auditor Office of State Auditor 1660 Lincoln Street, Suite 2410 Denver, Colorado 80264
Dear Mr. Scott:
QUESTION PRESENTED AND CONCLUSION
This will acknowledge receipt of your letter requesting an opinion on the constitutionality of the practices used to account for the old age pension fund (OAP) and related funds which were established pursuant to article XXIV of the Colorado Constitution.
 After reviewing the constitutional provisions and the system utilized by the Department of Accounts and Control, I am of the opinion that the accounting practices in use at the present time meet constitutional requirements.
ANALYSIS
Although there is a dearth of case law in this area, the system employed with regard to the OAP is constitutional. Article XXIV, section 2 states that the revenues in the OAP must be "set aside." At present, the OAP is separated by types of revenue within the General Fund (1001 in the Central Accounting System), and expenditures from the fund are reflected in account number 53 666 within the Department of Social Services' agency account number 38 00 00. At any given time, Accounts and Control can identify the revenues available in the OAP by type and can ascertain the expenditures. Thus, within the meaning of the provision, the moneys have been "set aside."
In addition, the above accounting procedure keeps the OAP "inviolate for the purposes for which created" as required by Section 8 since the system "set(s) aside" those revenues which are available to pay the old age pensioners. See Davis v.Pensioners Protective Assoc., 110 Colo. 380, 135 P.2d 141
(1943). Cf. article IX, section 3 which provides that the public school fund "shall forever remain inviolate andintact." (emphasis added). The public school fund is kept "intact" by means of a special reserve account. See discussion of the stabilization fund, infra. No such requirement appears in section 8 with respect to the OAP.
With regard to the stabilization fund, the accounting practices in use at the present time also meet constitutional requirements. Section 7(b) states that any moneys remaining in the OAP after expenditures are to be transferred to the stabilization fund "which fund shall be maintained at the amount of five million dollars, and restored to that amount after any disbursements therefrom." This fund is shown as a special reserve account or special fund balance account (31001 within the Department of Social Services). Since, at any given time, the balance in the stabilization fund is kept at five million dollars and is not available for General Fund expenditures, it is sufficiently "maintained" for purposes of section 7(b).
Likewise, the method used to account for the health and medical care fund is constitutional. Section 7(c) of article XXIV provides that moneys remaining after the establishment and maintenance of the stabilization fund must be transferred to the health and medical care fund provided
 all moneys available, accrued or accruing, received or receivable, in said health and medical care fund, in excess of ten million dollars in any fiscal year shall be transferred to the general fund of the state to be used pursuant to law.
The Accounts and Control Department has not set up a special reserve account for the health and medical care fund. However, it is generally presumed that the language and structure of a provision in the constitution were adopted by choice and that discrimination was exercised in the language and structure used.White v. Anderson, 155 Colo. 291, 394 P.2d 333 (1964). Section 7(c) does not contain the mandatory language of 7(b) that the health and medical care fund must be maintained and restored to a definite balance after any disbursements. Seealso article IX, section 3 (the public school fund must remain "intact"); C.R.S. 1973, 34-63-104, as amended (the revenue from oil shale lands "shall be deposited by the state treasurer into a separate special fund"); C.R.S. 1973, 12-6-123 (any moneys "shall remain" in the auto dealers license fund); C.R.S. 1973,40-2-114 (the balance in the P.U.C. fixed utility fund is to be retained at the end of the fiscal year). The omission of specific language establishing a special account for the health and medical care fund is presumed to be intended. See Whitev. Anderson, supra. Thus, the language of the provision does not require a reserve account for the health and medical care fund and the present accounting system (given generally accepted accounting principles) is constitutional.
SUMMARY
Accounting practices used for the Old Age Pension fund and related funds meet constitutional requirements.
Very truly yours,
 J.D. MacFARLANE Attorney General
ACCOUNTANTS AND ACCOUNTANCY AUDITORS AGED, AID TO
C.R.S. 1973, 12-6-123
C.R.S. 1973, 40-2-114
C.R.S. 1973, 34-63-104
Colo. Const. art. XXIV
Colo. Const. art. IX, § 3
LEGISLATIVE BRANCH Auditor, Office of State
Accounting practices used for the Old Age Pension fund and related funds meet constitutional requirements.